IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TONY RIZZO,

                                       Plaintiff,

OPINION and ORDER

09-cv-189-bbc

                    v.

SOUTH BEND SPORTING GOODS,
MAURICE SPORTING GOODS, INC.,
PAMIDA STORES OPERATING CO. LLC,
BLAIN SUPPLY, INC. (BLAIN'S FARM &
FLEET), MILLS FLEET FARM, INC., WAL-
MART STORES, INC. a/k/a WAL-MART
STORES, INC., DELAWARE,

                                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Tony Rizzo is asserting six claims for violations of his state and federal rights related to design features, trademarks and trade names of his fishing products. Now before the court is a motion to dismiss filed by defendants Pamida Stores Operating Co. LLC, Blain Supply, Inc., Mills Fleet Farm, Inc. and Wal-Mart Stores, Inc., Delaware. The motion addresses two of plaintiff's claims: a common law trade dress claim and a claim arising under Wis. Stat. § 132.033.

1

I will grant defendants' motion to dismiss. First, with respect to plaintiff's common law trade dress claim, plaintiff has failed to satisfy Fed. R. Civ. P. 8 as to this claim because his allegations do not sufficiently describe the features of his products that embody the alleged trade dress. As for plaintiff's statutory trademark claim arising under § 132.033, plaintiff's trademark registration expired before he filed suit and the statute does not provide a cause of action for expired trademarks. Because the trade dress claim is dismissed for pleading defects, dismissal of that claim will be without prejudice to plaintiff's amending the complaint to repair those pleading defects. The statutory trademark claim will be dismissed with prejudice, however, because plaintiff has pleaded himself out of court on that claim.

OPINION

A. Common Law Trade Dress Claim

Defendants' challenge to plaintiffs' common law trade dress claim arises out of Fed. R. Civ. P. 8, which requires that a plaintiff set forth "a short and plain statement of the claim showing that [he] is entitled to relief." In support of his common law trade dress claim, plaintiff alleges that (1) he "has manufactured and sold products for use in fishing, including rods, lures, and rigs," that "have [well-known, recognized and] distinctive designs, features and names which identify them as originating with [plaintiff]"; (2) that defendants South Bend and Maurice's have manufactured and placed into commerce fishing rods and lures

2

that "are identical or substantially identical to plaintiff's designs, common law and Wisconsin registered trademarks and his trade name"; and that (3) these unauthorized products "are being sold through the retail defendants' stores." Cpt., ¶¶ 12- 15, 16, 24, 54-57. According to plaintiff, these allegations provide defendants sufficient notice of plaintiff's suit against them to satisfy Rule 8.

Rule 8 requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Recently, the Court explained that the plausibility standard set forth in Twombly is one that applies not only to special cases, but to "all civil actions." Aschcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). After Twombly and Iqbal, a district court should first take as true all the well-pleaded allegations in the complaint but disregard "mere conclusory statements" and then assess whether those well-pleaded facts suffice to state a plausible claim for relief, a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949.

Under this standard, plaintiff's allegations fall short. Plaintiff does not sufficiently identify his trade dress. He alleges that certain design features on his rods, lures and rigs are "distinctive" and that they identify the products as coming from him, which is nothing more than a conclusory statement. Moreover, plaintiff does not sufficiently identify the allegedly infringing products, stating only that they are fishing rods and lures manufactured by

3

defendants South Bend and Maurice's and that the retail defendants sell them. Does he mean all of their products, or only certain ones? These allegations do not provide defendants with sufficient notice of the claim against them and do not make the trade dress claim "plausible on its face." Plaintiff was required to include enough information about his products and the relevant design features to make it plausible to infer that plaintiff could meet the elements of his claim, which are: "(1) plaintiff's trade dress is inherently distinctive or has acquired secondary meaning, (2) the plaintiff's trade dress is primarily non-functional, and (3) the defendant's trade dress is confusingly similar." Roulo v. Russ Berrie & Co., 886 F.2d 931, 935 (7th Cir. 1989) (citations omitted).

Although the allegations do not satisfy Rule 8, defendants are mistaken to think that this is because plaintiff failed to identify the specific products of his that embody his trade dress or because he failed to "plead" a nonfunctional trade dress. (By "plead," defendants seem to mean "state" that the trade dress has no functional purpose.) The notice and plausibility requirements of Rule 8 are met so long as plaintiff (1) describes the features embodying his purported trade dress with enough detail to allow a plausible inference that those features are distinctive or have secondary meaning and are primarily nonfunctional and (2) describes the allegedly infringing South Bend and Maurice's products or groups of products in sufficient detail to allow defendants to identify those products.

Because the trade dress allegations do not satisfy Rule 8, plaintiff's trade dress claim

4

must be dismissed. Although defendants seem to ask for dismissal with prejudice, complaints dismissed for failure to plead sufficient facts under Rule 8 are "almost always" dismissed with leave to amend, in accordance with the liberal amendment policy set forth in Fed. R. Civ. P. 15(a). <u>Luce v. Edelstein</u>, 802 F.2d 49, 56 (2d Cir. 1986). Plaintiff will be given an opportunity to amend his complaint to fix the pleading deficiencies I have identified. The deadline for filing an amended complaint will be set at the preliminary pretrial conference.

### B.  <u>Wisconsin Statutory Trademark Claim</u>

Plaintiff asserts a claim under Wis. Stat. § 132.033, which provides a cause of action to "[e]very person, association or union adopting or using a [registered] mark." Wis. Stat. § 132.033(1); <u>see also</u> Wis. Stat. § 132.001(2) (defining "mark" to require that it be registered). Although plaintiff had a registered mark from 1997 to 2007, he admits that the registration expired before he filed suit. Plt.'s Br., dkt. #23, at 6. That is the end of it. The plain language of § 132.033 limits the statutory cause of action to persons adopting or using a registered mark.

Plaintiff contends that the statute should be read as allowing causes of actions for past damages (for registrations that have expired) and points out that defendants cite no case law for limiting the scope of § 132.033 to current marks. As to the first point, there is no basis

5

for reading the statute as one creating a cause of action for past damages. Section 132.033 is entitled "suit to enjoin use of mark" and, although damages are available, §§ 132.033(2)(b) and (c), the thrust of the statute is to create a cause of action for injunctive relief. The clause setting forth the scope of the statutory cause of action provides that "every person, association or union adopting or using a mark may *proceed by suit to enjoin. . ..*" Wis. Stat. § 132.033(1). Damages are available only if the "person, association or union" described in § 132.033(1) shows damages in the context of the injunctive suit. Wis. Stat. § 132.033(2)(b).

As to plaintiff's second point, there is no need for case law when the plain language of the statute answers the question, as it does here. Because the statute is limited to current trademarks, plaintiff's claim under § 132.033 will be dismissed.

## ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Pamida Stores Operating Co. LLC, Blain Supply, Inc., Mills Fleet Farm, Inc. and Wal-Mart Stores, Inc., Delaware, dkt. #14, is GRANTED in the following respects:

    a. Plaintiff's common law trade dress claim (claim six) is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8.

      b.  Plaintiff's statutory trademark claim (claim two) brought pursuant to § 132.033 is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

Entered this 11th day of August, 2009.

                           BY THE COURT:

                           /s/

                           _____
                           BARBARA B. CRABB
                           District Judge